NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEI WANG; JUAN ZHEN YE,<br><br>     Petitioners,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 14-70463<br><br>Agency Nos. A098-177-751<br>       A098-177-752<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2017**
Seattle, Washington

Before:  MURPHY,*** McKEOWN, and NGUYEN, Circuit Judges.

Petitioners Fei Wang and Juan Zhen Ye petition for review of the decision

denying their motion to reopen their removal proceedings.  Petitioners argue that if

---

 *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 **  The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 ***  The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

removed to China, they will be subject to persecution, including forced sterilization, for violating China's one-child family planning policy and for their Protestant Christian religious beliefs. We grant in part, deny in part, and remand. Because the parties are familiar with the facts and history of the case, we need not recount them here.

**1.** The Board of Immigration Appeals (BIA) abused its discretion when it failed to adequately consider Petitioners' persecution claim. *See, e.g.*, *Agonafer v. Sessions*, No. 13-73122, 2017 WL 2698257, at *6 (9th Cir. June 23, 2017) ("While the BIA 'does not have to write an exegesis on every contention,' it is required to 'consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004))). Petitioners submitted a plethora of documents with their motion, including Chinese government documents and the 2009 and 2010 Annual Reports of the Congressional–Executive Commission on China (CECC). The BIA neither considered the Chinese government documents nor adequately addressed the CECC reports. Both of these omissions warrant remand.

The BIA did not adequately consider the authenticity of the Chinese government documents. This circuit has held that a "petitioner may resort to any recognized procedure for authenticati[ng] documents[.]" *Vatyan v. Mukasey*, 508

F.3d 1179, 1183 (9th Cir. 2007). Here, Petitioners sought to authenticate the Chinese government documents by: (1) attempting to comply with 8 C.F.R. § 1287.6; (2) pointing to document seals and letterheads; (3) providing an expert report by Dr. Flora Sapio; and (4) explaining that some documents were obtained from official government websites. Because the BIA did not address these efforts, we remand so that the agency may more thoroughly examine the foreign government documents and evaluate their authenticity.

The BIA also failed to adequately consider the information in the 2009 and 2010 CECC reports. The BIA briefly cited the reports in its decision but did not explain why it had deemed the troubling information in the reports as insufficient to establish a prima facie case for relief. *See, e.g.*, *Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1150 (9th Cir. 2013) (faulting the BIA for failing to address the 2010 CECC report). We remand so that the BIA may more thoroughly examine, *inter alia*, the CECC reports and explain the rationale behind its decision.

In addition, the BIA erred by failing to follow its own precedent. The BIA's decision indicates that Petitioners' evidence of coercive family planning policies in "other areas of China" was insufficient to establish changed conditions in Fujian Province. BIA precedent, however, makes clear that an alien may establish prima facie eligibility for relief in a motion to reopen using evidence from the "local province, municipality, or other locally-defined area." *In re J–H–S–,* 24 I. & N.

3

Dec. 196, 197-98 (BIA 2007). Therefore, the BIA erred to the extent that it failed to credit evidence from Fujian Province.

**2.** The BIA did not abuse its discretion by rejecting Petitioners' religious persecution claim. The BIA adequately explained its determination that conditions for Protestants in 2012 were not materially different than in 2007. After thoroughly reviewing the record, we conclude that the BIA did not abuse its discretion in finding no material change in the treatment of Protestants in China.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; and REMANDED.**